IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DATATEL SOLUTIONS, INC.,

        Plaintiff,                          No. 2:12-cv-1306-GEB-EFB

    vs.

KEANE TELECOM CONSULTING, LLC,    ORDER
a New Jersey limited liability company;
OUTREACH TELECOM AND
ENERGY, LLC, a New Jersey limited
liability company; and DOES 1-10, inclusive,

        Defendants.
_____/

        Presently noticed for hearing on December 5, 2012 is plaintiff's motion for default judgment against defendants Keane Telecom Consulting, LLC and Outreach Telecom and Energy, LLC ("defendants"). Dckt. No. 19. The matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

        According to plaintiff's default judgment motion, as well as the proof of service plaintiff filed on July 31, 2012, defendants were served on May 18, 2012 "by certified mail of [their] agent for service of process." Dckt. No. 20 at 2; *see also* Dckt. No. 6. However, the court cannot discern from the docket whether service of process was properly effected.

////

1

Federal Rule of Civil Procedure 4(h)(1) provides that, where service is not waived, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served by either following state law from the state where the action is pending or where service was effected, *see* Rules 4(h)(1)(A) and 4(e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," *see* Rule 4(h)(1)(B).  Here, plaintiff did not deliver a copy of the summons and complaint as provided in Rule 4(h)(1)(B); rather, plaintiff sent the summons and complaint by certified mail to defendants' purported agent for service of process, Peter Keane, in Naples, Florida.  Therefore, the court looks to state law to determine whether service was proper.

Plaintiff contends that service of process was proper under California Civil Procedure Code section 415.40.  Dckt. No. 8 at 2.  Section 415.40 provides that "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.  Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."  Cal. Civ. Proc. Code § 415.40.  To prove service by mail on a nonresident pursuant to Section 415.40, there must be hard evidence of actual delivery — either a signed receipt or other proof that the defendant (or someone authorized by defendant) actually received the mail.  *Id.* § 417.20(a) ("If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence . . . ."); *see also Neadeau v. Foster*, 129 Cal. App. 3d 234, 237-38 (1982); *Cruz v. Fagor America, Inc.*, 146 Cal. App. 4th 488, 498-99 (2007).  Service by mail on a nonresident requires strict compliance with Section 417.20(a).  *Bolkiah v. Sup. Ct. (Bijan Fragrances, Inc.)*, 74 Cal. App. 4th 984, 1001

(1999).

Here, plaintiff has offered evidence demonstrating that the summons and complaint were sent to defendants' purported agent for service of process via certified mail with return receipt requested. Dckt. No. 6 at 3. Plaintiff has also provided evidence that someone acknowledged receipt of the summons and complaint upon delivery on May 22, 2012. Dckt. No. 6 at 4, 8. However, plaintiff has not provided evidence demonstrating that the person purportedly served, Peter Keane, is defendants' registered agent for service of process or that the address at which service was effected was the proper address for service. Nor is it clear from the evidence provided who actually signed the receipts of service. *Id.* Therefore, the court cannot discern whether defendants and/or their registered agent(s) for service of process (or someone authorized by them) actually received the summons and complaint, as required by Section 417.20(a).

In light of the requirement that Section 417.20(a) be strictly enforced, the hearing on plaintiff's default judgment motion will be continued and plaintiff will be directed to provide further information and evidence demonstrating that service on defendants was proper under California Civil Procedure Code sections 415.40 and 417.20(a).

Accordingly, IT IS HEREBY ORDERED that:

1. The December 5, 2012 hearing on plaintiff's motion for default judgment, Dckt. No. 19, is continued to January 16, 2013 at 10:00 a.m. in Courtroom No. 8.

2. On or before December 19, 2012, plaintiff shall either withdraw the motion for default judgment or shall file and serve on defendants a supplemental brief and/or declaration(s) demonstrating that service of the summons and complaint on defendants was proper under California Civil Procedure Code sections 415.40 and 417.20(a).

3. Within seven days of the date of this order, plaintiff shall serve a copy of this order on defendants.

SO ORDERED.

DATED: November 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE