UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATEL SOLUTIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>KEANE TELECOM CONSULTING, LLC, a New Jersey limited liability company; OUTREACH TELECOM AND ENERGY, LLC, a New Jersey limited liability company,<br><br>    Defendants. | 2:12-CV-01306-GEB-EFB<br><br>ORDER GRANTING ATTORNEY WITHDRAWAL MOTION; AND DISMISSING COMPLAINT AND COUNTERCLAIM[1] |
| OUTREACH TECHNOLOGY, LLC, a Florida limited liability company, as successor in interest to KEANE TELECOM CONSULTING, LLC, a New Jersey limited liability company, and to OUTREACH TELECOM AND ENERGY, LLC, a New Jersey limited liability company,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>DATATEL SOLUTIONS, INC., a California corporation,<br><br>    Counter-Defendant. | |

---

[1] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1         Murphy, Campbell, Alliston & Quinn ("Murphy Campbell")
2 moves under Local Rule 182(d) for an order allowing it to
3 withdraw as counsel of record for Defendants and Counterclaimant.
4 The Local Rule prescribes: "[w]ithdrawal as attorney is governed
5 by the Rules of Professional Conduct of the State Bar of
6 California . . . ." E.D. Cal. R. 182(d). Murphy Campbell
7 specifically seeks withdrawal under subsections (C)(1)(d) and
8 (C)(1)(f) of Professional Conduct Rule 3-700. The motion is
9 unopposed.

## I.    WITHDRAWAL MOTION

11         Murphy Campbell argues the firm's clients have made it
12 "unreasonably difficult [for the firm] . . . to carry out the
13 employment effectively" and "have breache[d] an agreement or
14 obligation to . . . [pay] [legal] fees." (Mot. to Withdraw. 2:15-
15 18, ECF No. 40-1 (citing Cal. Rules of Prof'l Conduct R. 3-
16 700(C)(1)(d),(f).)

17         Stephanie L. Quinn, a member of Murphy Campbell,
18 declares: "the lead attorney handling this matter . . .[,] George
19 A. Guthrie," left Murphy Campbell "on August 1, 2013, taking the
20 file in this matter with him under the representation that a
21 substitution of counsel form would be forthcoming." (Decl. of
22 Stephanie L. Quinn in Support of Mot. to Withdraw ("Quinn Decl.")
23 ¶¶ 3, 7 ECF No. 40-2.) Quinn further declares that Murphy
24 Campbell has repeatedly attempted to communicate with Defendants'
25 representative, Peter Keane, to have him sign a substitution of
26 counsel form or indicate that he wishes Murphy Campbell to
27 continue representing Defendants in this action; however, Keane
28 has not responded. (See id. at ¶¶ 4, 5, 6, 13, 14, 17, 18; see

1 also Quinn Decl. Ex. 2, ECF No. 40-3.) Quinn also declares:
2 "there has been an outstanding balance [of legal fees Defendants
3 owe Murphy Campbell] since February 2013. Murphy Campbell
4 continues to send invoices requesting payment (the most recent on
5 September 13, 2013) pursuant to the parties' legal services
6 agreement, but Defendants have failed to and refused to pay the
7 invoices." (Id. at ¶ 12.)

8 　　　　Quinn declares that Murphy Campbell "sent a letter to .
9 . . Keane, [on February 4, 2014,] . . . advising him" that the
10 firm would be filing a motion to withdraw as counsel, and "if
11 [the] motion [were] granted, [Defendants'] answer and cross
12 complaint could immediately be stricken and default entered
13 against them." (Id. at ¶ 20; see Quinn Decl. Ex. 5 ECF No. 40-3.)
14 Quinn further declares that the letter "provided [Defendants] the
15 court mandated [scheduling] deadlines [prescribed in this case]."
16 (Quinn Decl. ¶ 20; see Quinn Decl. Ex. 5 ECF No. 40-3.) Quinn
17 declares Murphy Campbell mailed the letter to Defendants' current
18 address and to an alternate address at which the firm believes
19 Keane receives mail. (Quinn Decl. ¶ 20.) Quinn also declares
20 Murphy Campbell emailed the letter to addresses that the firm has
21 used in the past to communicate with Keane. (Id.)

22 　　　　Murphy Campbell's evidence evinces that the firm's
23 "client[s] . . . [have] render[ed] it unreasonably difficult for
24 [Murphy Campbell] to carry out the employment effectively, [and]
25 . . . [have] breache[d] an agreement or obligation . . . to [pay
26 legal] fees." Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d),(f).
27 Therefore, the motion is granted.
28 ///

## II. SUBJECT MATTER JURISDICTION

Further, on January 8, 2014, Plaintiff was issued an order to show cause ("OSC") requiring Plaintiff "to explain why this action should not be dismissed for lack of subject matter jurisdiction." (Order to Show Cause 1:24-25, ECF No. 37.) The OSC issued because Plaintiff alleges in its Complaint that it is suing two limited liability companies ("LLC") and that diversity of citizenship subject matter jurisdiction exists under 28 U.S.C. § 1332; however, Plaintiff fails to allege the citizenship of each member of the LLC Defendants. As stated in the OSC, the Ninth Circuit held in Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006), that "[a]n LLC is a citizen of every state of which its owners/members are citizens." In addition, review of the Counterclaim reveals that Counterclaimant is an LLC and alleges diversity jurisdiction exists over the counterclaim without alleging the citizenship of its owners/members. Therefore the Complaint and Counterclaim are dismissed.

## III. CONCLUSION

For the stated reasons, Murphy Campbell's withdrawal motion is granted, and the Complaint and Counterclaim are dismissed. Plaintiff is granted fourteen (14) days from the date on which this Order is filed to file an amended complaint addressing the deficiency in its dismissed complaint.

Dated: February 28, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge