UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATEL SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEANE TELECOM CONSULTING, LLC, a New Jersey limited liability company; OUTREACH TELECOM AND ENERGY, LLC, a New Jersey limited liability company,<br><br>Defendants. | No.  2:12-cv-01306-GEB-EFB<br><br>**ORDER TO SHOW CAUSE, VACATING FINAL PRETRIAL CONFERENCE AND TRIAL, AND SCHEDULING STATUS CONFERENCE** |

        The April 9, 2013 Status (Pretrial Scheduling) Order scheduled a final pretrial conference in this case for July 28, 2014. The Status Order required the parties to file a final pretrial statement "no later than seven (7) calendar days prior to the final pretrial conference." (Status Order 3:12-13, ECF No. 33.) No joint final pretrial statement was filed as required.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than July 28, 2014, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement. The written response shall also state whether Plaintiff or its counsel is at

1  fault, and whether a hearing is requested on the OSC.[1]

2          Further, review of the docket reveals this action is
3  proceeding by default against all defendants. Therefore, the
4  final pretrial conference scheduled for July 28, 2014, and the
5  trial scheduled to commence on October 21, 2014, are VACATED. A
6  status conference is scheduled to commence at 9:00 a.m. on
7  November 24, 2014.[2] Plaintiff shall file a status report no later
8  than fourteen (14) days prior to the status conference in which
9  it explains the status of the default proceedings.

10         IT IS SO ORDERED.

11 Dated:  July 22, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] If a hearing is requested on the OSC, it will be held on November 24, 2014, at 9:00 a.m., just prior to the status conference scheduled *infra*.