UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATEL SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEANE TELECOM CONSULTING, LLC, a New Jersey limited liability company; OUTREACH TELECOM AND ENERGY, LLC, a New Jersey limited liability company,<br><br>Defendants. | No. 2:12-cv-01306-GEB-EFB<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

The July 22, 2014, Order to Show Cause scheduled a status conference in this case on November 24, 2014, and required Plaintiff to "file a status report no later than fourteen (14) days prior to the status conference in which it explains the status of the default proceedings." (OSC 2:7-9, ECF No. 60.) No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than December 1, 2014, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.[1] The written response

---
[1] This is the second occasion in which Plaintiff has failed to timely file a status report.

1

shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on February 9, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. Plaintiff shall file a status report no later than fourteen (14) days prior to the status conference in which it explains the status of the default proceedings.

IT IS SO ORDERED.

Dated:  November 20, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).